IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATHAN HAY, <br> TDCJ #1311501, <br><br> Petitioner, <br><br> v. <br><br> DOUG DRETKE, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-06-0391 |

**MEMORANDUM AND ORDER**

State inmate Nathan Hay petitions for a federal writ of habeas corpus to challenge the result of a prison disciplinary conviction. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

I.  BACKGROUND

Hay is presently incarcerated at the Garza East Transfer Facility in Beeville, Texas, as the result of a felony conviction from the 208th District Court of Harris County, Texas. Hay reports that he was convicted on June 17, 2005, of possession of cocaine with intent to deliver in cause number 917819. Hay does not challenge his underlying conviction or the five-year prison sentence that he received in that case. Instead, he challenges the result of a prison disciplinary proceeding lodged against him at the Garza East Unit.

According to the petition, Hay was convicted on November 15, 2005, of undisclosed prison disciplinary charges in case #20060073175. As punishment, Hay lost his commissary and recreational privileges for 45 days. Hay's contact visitation privileges were restricted for 90 days and he was reduced in class status from Line 1 to Line 2. Hay was given a probated sentence of 3 days in solitary confinement. In addition, the disciplinary officer revoked 1 day of previously earned credit for good conduct (*i.e.*, "good-time" credit). Hay filed a step-one and step-two grievance to challenge the disciplinary conviction, but his appeals were unsuccessful.

Hay now seeks federal habeas corpus relief from his disciplinary conviction. According to the petition and supporting memorandum, Hay argues that the disciplinary hearing officer violated his right to due process of law and that he was denied a fair and impartial hearing. The Court concludes, however, that the petition must be dismissed for reasons discussed below.

## II.   PRISON DISCIPLINARY PROCEEDINGS

The petitioner in this case seeks federal habeas corpus relief from a disciplinary conviction entered against him while in prison. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, to prevail on his

request for federal habeas corpus relief the petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (internal citations omitted). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Id*. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). The petitioner's claims are addressed below to determine whether he demonstrates a due process violation.

    **A.**    **Loss of Privileges, Solitary Confinement, and Reduced Class Status**

As a result of his disciplinary conviction, Hay's commissary, recreation, and visitation privileges were curtailed, he was given a probated sentence of 3 days in solitary confinement, and his class status was reduced. These sanctions do not implicate a liberty interest of the sort protected by the Due Process Clause.

According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768; *see also Sandin*, 515 U.S. at 486 (refusing to recognize a liberty interest in administrative segregation). It is also well settled that inmates have no absolute constitutional right to receive visits while in prison. *See McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir.), *cert. denied*, 423 U.S. 859 (1975). In that regard, the Supreme Court has acknowledged that the withdrawal of visitation privileges for a limited period as a means of effecting prison discipline "is not a dramatic departure from accepted standards for conditions of confinement." *Overton v. Bazzetta*, 539 U.S. 126, 137 (2003) (citing *Sandin*, 515 U.S. at 485). In addition, a reduction in a prisoner's class status and its potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996).

Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Orellana*, 65 F.3d at 31; *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Because lost privileges, limited solitary confinement, and reductions in class status do not implicate a constitutionally protected liberty interest, any challenge to these sanctions fails to state a claim that is cognizable on federal habeas corpus review.

**B.     Loss of Good-Time Credits**

As a result of Hay's disciplinary conviction, prison officials also revoked 1 day of previously earned good-time credit. Because of its potential effect on an inmate's term of confinement, prison disciplinary proceedings that result in the revocation of good-time credits require a separate analysis. *See Madison*, 104 F.3d at 768 (noting that claims involving the loss of good-time credit warrant "careful" scrutiny). This is so because inmates may have a constitutionally protected liberty interest in accrued good-time credits, which may only be revoked in compliance with the minimal due process protections afforded to inmates in disciplinary actions.

There is no constitutional guarantee to assure credit for good conduct while in prison. *See Wolff*, 418 U.S. at 557. Texas law provides that good-time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence. *See* TEX. GOV'T CODE ANN. § 498.003; *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex. Crim. App. 1995). State prisoners in Texas "have no protected

5

liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997). Because there is no protected liberty interest in parole, a Texas inmate can only establish a basis for federal habeas corpus relief if the good-time credit sanction affects his eligibility for early release on mandatory supervision. *See Malchi*, 211 F.3d at 953.

According to the petition, Hay is eligible for mandatory supervision. Nevertheless, the sanction imposed in Hay's case is of insufficient length to give rise to a due process claim. The Fifth Circuit has recognized that, even if a Texas prisoner is eligible for mandatory supervision, he "does not necessarily have a constitutional expectancy of release on a particular date." *Malchi*, 211 F.3d at 958. Accordingly, the Fifth Circuit has acknowledged the possibility "that a *de minimis* delay of a few days in a prisoner's mandatory supervision release would not give rise to a constitutionally cognizable claim." *Id.*; *see also Richards v. Dretke*, 394 F.3d 291, 294 n.5 (5th Cir. 2004) ("A 30-day delay of mandatory supervision release might be *de minimis* and therefore not give rise to a due process claim.").

Following this line of reasoning from the Fifth Circuit, other district courts have concluded that, depending on the length of sentence, a 30-day delay in release on mandatory supervision is *de minimis* and insufficient to implicate constitutional due process concerns. *See Teague v. Dretke*, 384 F. Supp. 2d 999, 1002-1003 (N.D. Tex. 2005); *White v. Dretke*, — F. Supp. 2d —, — (S.D. Tex. June 28, 2005) (Civil No. H-05-0020); *Carroll v. Dretke*, 2005 WL 2467698, *5 (S.D. Tex. Oct. 6, 2005). Likewise, district courts have also found

that disciplinary sanctions of as little as 1 or 2 days of good-time credit pose only a *de minimis* delay in a prisoner's potential release, and do not give rise to a constitutional claim. *See Cartwright v. Dretke*, 2005 WL 2318703, *2 (N.D. Tex. Sept. 20, 2005) (loss of 1 day); *Gallman v. Dretke*, 2005 WL 2493273, *2 (N.D. Tex. Oct. 7, 2005) (loss of 2 days).

Because Hay is serving a five-year prison sentence, the loss of 1 day's worth of good-time credit will pose, if anything, no more than a *de minimis* delay in his potential early release from prison on mandatory supervision. Finding that the possible delay is *de minimis* under the circumstances, the Court concludes that the procedural protections found in the Due Process Clause do not apply to the 1-day sanction imposed as the result of the disciplinary conviction at issue in this case. Absent a showing that the Due Process Clause applies, the petition fails to allege a constitutional violation and the petitioner is, therefore, not entitled to federal habeas corpus relief.

The federal courts are authorized to dismiss habeas corpus petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the claims raised by the petitioner plainly lack merit, the petition lacks an arguable basis in law and is subject to dismissal for that reason. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

### III. <u>CERTIFICATE OF APPEALABILITY</u>

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of

appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

### IV.     CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** the following:

1. The federal habeas corpus petition is **DENIED** and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **March 16, 2006.**

_____
Nancy F. Atlas
United States District Judge